# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

Lyle W. Cayce
Clerk

No. 11-10343
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ALEJANDRO DURAN-MUNEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-88-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Manuel Alejandro Duran-Munez (Duran) appeals the 70-month sentence imposed following his guilty plea for illegal reentry after removal in violation of 8 U.S.C. § 1326. Duran argues that the district court erred when it enhanced his offense level pursuant to § 2L1.2(b)(1)(A)(ii) for unlawfully remaining in the United States after a crime of violence conviction.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] § 2L1.2(b)(1) provides that "If the defendant previously was deported, or unlawfully remained in the United States after—(A) a conviction for a felony that is . . . (ii) a crime of

No. 11-10343

Duran contends that the 16-level enhancement should not apply because there was no removal order issued "after" his crime of violence conviction and the prior removal order was not reinstated until after his arrest for illegal reentry.

In our intervening decision in *United States v. Nevares-Bustamante*, 669 F.3d 209 (5th Cir. 2012), as the parties forthrightly acknowledged, we held "that a defendant alleged to have unlawfully remained in the United States following a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A) is subject to the § 2L1.2(b)(1)(A) enhancement only when a removal order is issued or reinstated after that conviction." *Id.* at 213. The government acknowledges that its position that § 2L1.2(b)(1)(A) does not require a new or reinstated removal order to issue after the qualifying conviction was rejected by this court in *Nevares-Bustamante*. The government also acknowledges that Duran's removal order was reinstated after his arrest and, as a result, he had not "remained" in the United States after the issuance of the reinstated order.

In light of *Nevares-Bustamante,* and the government's concessions, we VACATE Duran's sentence and REMAND for resentencing.

---

violence" the offense level shall "increase by 16 levels if the conviction receives criminal history points under Chapter Four." In turn, the application notes to § 2L1.2 explain that "[a] defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction." U.S.S.G. § 2L1.2 cmt. n. 1(A)(iii). The Supreme Court has held that application notes are authoritative. *Stinson v. United States*, 508 U.S. 36, 38 (1993).

2